## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REGIONS COMMERCIAL EQUIPMENT FINANCE, LLC** | * | **CIVIL ACTION NO. 2:25-cv-2571** |
| | * | |
| | * | **JUDGE** |
| **v.** | * | |
| | * | **SECTION:** |
| **CROSBY DREDGING, LLC AND** | * | |
| **CROSBY ENTERPRISES, L.L.C.** | * | **MAGISTRATE JUDGE** |
| | * | |
| | * | **DIVISION:** |

**************************************

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff, Regions Commercial Equipment Finance, LLC, by and through its undersigned counsel, brings this action against Defendants, Crosby Dredging, LLC and Crosby Enterprises, L.L.C. This lawsuit seeks all damages authorized by law for claims for breach of contract and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, Regions Commercial Equipment Finance, LLC ("Regions" or "Plaintiff"), is a limited liability company, organized under the laws of the State of Alabama, licensed for business and doing business in the State of Louisiana. Regions' sole member is Regions Bank.

2.      Regions Bank is a state banking corporation organized under the laws of the State of Alabama, with its principal place of business in Birmingham, Alabama.

3.      Defendant Crosby Dredging, LLC ("Crosby Dredging" or "Borrower") is a limited liability company organized under the laws of the State of Louisiana, with its principal place of business in the State of Louisiana. It is asserted upon information and belief that each of the individual members of Crosby Dredging is a citizen of a state other than Alabama.

4.      Defendant Crosby Enterprises, L.L.C. ("Crosby" or "Guarantor") is a limited liability company, organized under the laws of the State of Louisiana, with its principal place of business in the State of Louisiana.  It is asserted upon information and belief that each of the individual members of Crosby is a citizen of a state other than Alabama.

5.      This Court has jurisdiction over Defendants under 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000.00 and complete diversity exists between Plaintiff and the Defendants.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1), because Defendants are domiciled in this judicial district.

### FACTUAL STATEMENT

7.      On or about May 28, 2021, Borrower and Guarantor entered into that certain Loan Agreement dated May 28, 2021 (as amended by that certain First Amendment to Loan Agreement dated June 30, 2021, as further amended by that certain Second Amendment to Loan Agreement dated as of November 26, 2021, as further amended by that certain Third Amendment to Loan Agreement dated as of November 26, 2021, as further amended by that certain Fourth Amendment to Loan Agreement dated as of March 31, 2022, and as may be further amended, modified, renewed, extended, restated or supplemented) (the "Loan Agreement").  A true and accurate copy of the Loan Agreement is attached hereto as Exhibit A.

8.      Pursuant to the Loan Agreement, Borrower obtained a loan from Regions in the original principal amount of up to $25,000,000.00 (the "Loan").

9.      The Loan is evidenced by that certain Promissory Note in the amount of $14,688,000.00 dated May 28, 2021, executed by Borrower in favor of Regions (the "May 28

Note") and that certain Promissory Note in the amount of $10,312,000.00 dated July 30, 2021, executed by Borrower in favor of Regions (the "July 30 Note" and together with the May 28 Note, the "Notes"). A true and accurate copy of the Notes are attached hereto as Exhibit B.

10.    In connection with the Loan, Guarantor executed that certain Continuing Guaranty Agreement dated May 28, 2021 (the "Guaranty") in which Guarantor "unconditionally and absolutely" guaranteed the full and prompt payment and performance of all Borrower's obligations under the Notes, the Loan Agreement, and the other documents executed in connection therewith. A true and accurate copy of the Guaranty is attached hereto as Exhibit C.

11.    The Loan Agreement, the Notes, the Guaranty, and all other documents executed in connection therewith are collectively referred to herein as the "Loan Documents."

12.    Regions is the owner and holder of the Notes.

**The Default**

13.    The Loan Documents are in default for, among other things, Borrower's and Guarantor's failure to make payments as and when due under the Notes.

14.    On or about September 16, 2024, Regions, through counsel, delivered written notice to Borrower and Guarantor (the "Notice of Default") notifying them of certain events of default under the Loan Documents and the resulting acceleration of all amounts owing and payable under the Loan Documents. The Notice of Default demanded that Borrower or Guarantor immediately cure such default by paying Regions the accelerated amounts due and owing under the Loan Documents. A true and accurate copy of the Notice of Default is attached hereto as Exhibit D.

15.     Borrower and Guarantor have failed to make payment as demanded and within the time period provided in the Loan Documents.

16.     The Loan is not the subject of a bona fide dispute.

17.     Borrower has failed and refused to pay the outstanding balance due under the Notes and Guarantor has failed and refused to pay the outstanding balance due under the Notes and Guaranty.  Borrower and Guarantor remain in default.

18.     As of November 21, 2025, the outstanding balance due under the Notes, exclusive of attorneys' fees and costs, was $18,427,183.17, which consists of $16,411,400.10 in principal, $1,800,887.94 in accrued and unpaid interest, and $214,895.13 in late fees and other charges. Interest continues to accrue at no less than $5,406.64 per day.

**FIRST CLAIM FOR RELIEF**
**(Breach of Promissory Notes Against Borrower)**

19.     Plaintiff realleges the allegations in the foregoing paragraphs as if set forth fully herein.

20.     The Notes are a valid and enforceable contract between Borrower and Regions.

21.     In the Notes, Borrower promised to pay Regions all amounts due and owing pursuant to the terms of the Loan Agreement and Notes.

22.     Borrower has defaulted on and breached its payment obligations under the Notes, including by failing to pay the entire outstanding principal amount after acceleration.

23.     Regions has been damaged by Borrower's breach of the Notes.

24.     Pursuant to the terms and conditions of the Notes, Regions is entitled to recover from Borrower the entire outstanding balance due under the Notes, including principal and accrued interest.

4

25.    As a direct and proximate result of Borrower's default and material breach, Plaintiff is entitled to recover from Borrower the sum certain amount $18,427,183.17, which consists of $16,411,400.10 in principal, $1,800,887.94 in accrued and unpaid interest, and $214,895.13 in late fees and other charges, plus additional interest from November 22, 2025 through the date of judgment at the rate of $5,406.64 per day.

26.    Under the Notes, Regions is also entitled to recover from Borrower the costs and expenses incurred in enforcing the Notes, including the attorneys' fees incurred in this action.

## SECOND CLAIM FOR RELIEF
### (Breach of Guaranty Against Guarantor)

27.    Plaintiff realleges the allegations in the foregoing paragraphs as if set forth fully herein.

28.    Regions and Guarantor entered into the Guaranty, a binding contractual agreement for valuable consideration.

29.    Pursuant to the Guaranty, Guarantor unconditionally and irrevocably guaranteed to Regions, among other things, the punctual payment and performance by Borrower of all obligations under the Loan Documents, including the payment, when due, of all outstanding amounts due under the Notes.

30.    As set forth above, Borrower breached the Notes by failing to make payments as and when due.

31.    Guarantor breached the Guaranty by failing to make payments as and when due.

32.    Regions has been damaged by Guarantor's breach of the Guaranty.

33.    As a direct and proximate result of Guarantor's breach of the Guaranty, Plaintiff is entitled to recover from Guarantor the sum certain amount of $18,427,183.17, which consists of

$16,411,400.10 in principal, $1,800,887.94 in accrued and unpaid interest, and $214,895.13 in late fees and other charges, plus additional interest from November 22, 2025 through the date of judgment at the rate of $5,406.64 per day.

34.     Under the Guaranty, Regions is also entitled to recover from the Guarantor the costs and expenses incurred in enforcing the Notes and Guaranty, including the attorneys' fees incurred in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that:

1.     Judgment be entered against Crosby Dredging, LLC in an amount no less than (i) $18,427,183.17, which represents the total outstanding balance of principal, interest, late fees and other costs due under the Notes as of November 21, 2025; plus (ii) interest at the rate of $5,406.64 per day from November 22, 2025 through the date of judgment; plus (iii) the costs and expenses, including attorneys' fees, incurred in this action; plus (iv) post-judgment interest at the legal rate from the date of judgment until it is satisfied in full; and

2.     Judgment be entered against Crosby Enterprises, L.L.C. in an amount no less than (i) $18,427,183.17, which represents the total outstanding balance of principal, interest, late fees and other costs due under the Notes and Guaranty as of November 21, 2025; plus (ii) interest at the rate of $5,406.64 per day from November 22, 2025 through the date of judgment; plus (iii) the costs and expenses, including attorneys' fees, incurred in this action; plus (iv) post-judgment interest at the legal rate from the date of judgment until it is satisfied in full; and

3.     The Court award Plaintiff such other and further relief as the Court deems just, reasonable, and proper.

This the 31st day of December, 2025.

Respectfully submitted,

/s/Harold J. Flanagan

| | |
|---|---|
| Benjamin E. Shook (*pro hac vice* forthcoming) | Harold J. Flanagan (La. 24091) |
| NC Bar No. 44793 | Thomas M. Flanagan (La. 19569) |
| Madison B. Barnett (*pro hac vice* forthcoming) | Alixe L. Duplechain (La. 39167) |
| NC Bar No. 60767 | **FLANAGAN PARTNERS LLP** |
| **MOORE & VAN ALLEN, PLLC** | 201 St. Charles Avenue, Suite 3300 |
| 100 North Tryon Street, Suite 4700 | New Orleans, LA 70170 |
| Charlotte, NC  28202-4003 | Telephone: (504) 569-0235 |
| Telephone: (704) 331-1000 | hflanagan@flanaganpartners.com |
| benshook@mvalaw.com | tflanagan@flanaganpartners.com |
| madisonbarnett@mvalaw.com | aduplechain@flanaganpartners.com |

*Counsel for Regions Commercial Equipment Finance, LLC*