# PROMISSORY NOTE

**Principal: $14,688,000.00**                            **Date:   May 28, 2021**

FOR VALUE RECEIVED, the undersigned, CROSBY DREDGING, LLC, a Louisiana limited liability company ("Borrower") promises to pay to the order of Regions Commercial Equipment Finance, LLC (the "Payee") at 1900 5th Avenue North, Suite 2400, Birmingham, AL 35203 or at such other place as the Payee or the holder hereof may designate in writing, the principal amount of FOURTEEN MILLION SIX HUNDRED EIGHTY-EIGHT THOUSAND AND NO/100 Dollars ($14,688,000.00), with interest on the unpaid principal amount hereof from and including the date of the advance by Payee of the loan evidenced by this Note until paid in full at a variable simple interest rate equal to the Interest Rate (as hereinafter defined). Interest on this Note shall be computed on the basis of a year of 360 days, and accrued over the actual number of days in each period. "Regions" means Regions Bank.

The interest rate on the Loan evidenced by this Note is subject to change from time to time as provided in this Section. Interest rate changes on the Loan will not occur more often than each Lender Business Day and will be based on changes in Daily Simple SOFR (the "Index"). The interest rate per annum on the Loan will be equal to the Index plus two and eighty-six hundredths of one percentage point (2.86%) (the "Margin"). The interest rate on the Loan may change daily based on changes in the most recent Index reasonably available to Regions. The Index will not be less than percent (0.0%) per annum. Regions will tell Borrower the current Index upon Borrower's request. The Index is not necessarily the lowest rate charged by Regions on its loans. Borrower understands that Regions may make loans based on other rates as well.

"Daily Simple SOFR" is an independent index, which is the rate per annum equal to the secured overnight financing rate published by the Federal Reserve Bank of New York (or a successor administrator of the secured overnight financing rate) (the "Administrator") on the Administrator's website on the fifth (5th) prior SIFMA Business Day, with the conventions for this rate being established by Regions in accordance with the conventions selected or recommended by the Administrator for determining "Daily Simple SOFR" for business loans; provided, that if Regions decides that any such convention is not administratively feasible for Regions, then Regions may establish another convention in its sole discretion.

"Lender Business Day" means any day that is not (i) a Saturday, (ii) a Sunday, or (iii) another day that is a legal holiday under the laws of the State of Alabama and is a day on which Lender is closed.

"SIFMA Business Day" means any day that is not (i) a Saturday, (ii) a Sunday, or (iii) a day on which the Securities Industry and Financial Markets Association recommends that the fixed income departments of its members be closed for the entire day for purposes of trading in United States government securities.

"Relevant Governmental Body" means the Board of Governors of the Federal Reserve System or the Federal Reserve Bank of New York, or a committee officially endorsed or convened

**Exhibit B**

by the Board of Governors of the Federal Reserve System or the Federal Reserve Bank of New York, or any successor thereto.

This Note shall be payable in sixty (60) consecutive equal monthly installments of principal each in the amount of $122,400.00, together with monthly payments of all accrued but unpaid interest payable on the twenty-eighth (28th) day of each month commencing June 28, 2021, and one final payment on May 28, 2026 (the "Maturity Date") of all unpaid principal and interest in the estimated amount of $7,344,000.00, together with all other amounts due hereunder.

All payments hereunder shall be made in lawful money of the United States and in immediately available funds, Automated Clearing House ("ACH") debit or by wire transfer to an account designated by Payee. If any installment of this Note is not paid within ten (10) days after its due date, the undersigned agrees to pay on demand, in addition to the amount of such installment, an amount equal to five percent (5%) of such installment. Provided, that if the undersigned has authorized payment of an amount by a binding ACH authorization, a late charge will not be assessed as provided above if there are adequate funds in the account that has been designated for ACH debit and the failure to pay arises solely from Payee's failure to properly complete the ACH debit from the designated account as authorized by the undersigned.

This Note is one of the promissory notes referenced in that certain Loan Agreement by and among Crosby Dredging LLC and the other Borrowers as Borrowers, Crosby Enterprises, LLC as guarantor, and Regions Commercial Equipment Finance, LLC as Lender dated as of May 28, 2021 (as amended, supplemented or otherwise modified from time to time, the "Loan Agreement") and is subject and entitled to all provisions and benefits thereof. Capitalized terms used, but not expressly defined, herein shall have the meanings as set forth in the Loan Agreement.

Subject to the limitations contained in Section 2.07 of the Loan Agreement, including without limitation the requirements for prepayment, in full, to be made on all outstanding Notes, the undersigned shall have the right to prepay this Note, in whole but not in part, at any time following the first anniversary date of this Note on thirty (30) days prior written notice to the Payee. On the date of such prepayment (the "***Prepayment Date***") the undersigned shall pay the principal amount of this Note being so prepaid (the "***Prepayment Amount***"), together with all accrued interest and fees, including the prepayment premium due under Sections 2.07 and/or 2.08 of the Loan Agreement. The prepayment premium shall be charged and paid only to the extent permitted by Applicable Law.

Upon the maturity of this Note or the acceleration of the maturity of this Note in accordance with the terms of the Agreement, the entire unpaid principal amount on this Note, together with all interest, fees and other amounts payable hereon or in connection herewith, including any prepayment fee due under Section 2.08, shall be immediately due and payable without further notice or demand, with interest on all such amounts at a rate (the "Default Rate") equal to the lesser of (i) the Interest Rate plus 5.0%, or (ii) the maximum rate of interest permitted by Applicable Law, from the date of such maturity or acceleration, as the case may be, until all such amounts have been paid in full. Upon the occurrence of any Event of Default, without further notice or demand and at Payee's discretion, interest on all outstanding sums under this Note shall

accrue at the Default Rate, from the date of such Event of Default until all such amounts have been paid in full.

All payments hereunder shall be made in lawful money of the United States and in immediately available funds as provided in the Loan Agreement. If any installment of this Note is not paid within ten (10) days after its due date, the undersigned agrees to pay on demand, in addition to the amount of such installment, the late charge as provided in Section 2.06 of the Loan Agreement.

If any payment on this Note becomes payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to prepayments of principal, interest thereon shall be payable at the applicable rate during such extension.

The undersigned hereby waives diligence, demand, presentment, protest and notice of any kind, and assents to extensions of the time of payment, release, surrender or substitution of security, or forbearance or other indulgence, without notice. The undersigned agrees to pay all amounts under this Note without offset, deduction, claim, counterclaim, defense or recoupment, all of which are hereby waived.

The Payee, the undersigned and any other parties to the Loan Documents intend to contract in strict compliance with applicable usury law from time to time in effect. In furtherance thereof the undersigned and the Payee stipulate and agree that none of the terms and provisions contained in the Loan Documents shall ever be construed to create a contract to pay, for the use, forbearance or detention of money, interest in excess of the maximum amount of interest permitted to be charged by Applicable Law from time to time in effect. Neither the undersigned nor any present or future guarantors, endorsers, or other Persons hereafter becoming liable for payment of any Obligations shall ever be liable for unearned interest thereon or shall ever be required to pay interest thereon in excess of the maximum amount that may be lawfully charged under Applicable Law from time to time in effect, and the provisions of this paragraph shall control over all other provisions of the Loan Documents which may be in conflict or apparent conflict herewith. The Payee expressly disavows any intention to charge or collect excessive unearned interest or finance charges in the event the maturity of any Obligation is accelerated. If (a) the maturity of any Obligation is accelerated for any reason, (b) any Obligation is prepaid and as a result any amounts held to constitute interest are determined to be in excess of the maximum legal rate allowed under Applicable Law, or (c) the Payee or any other holder of any or all of the Obligations shall otherwise collect amounts which are determined to constitute interest which would otherwise increase the interest on any or all of the Obligations to an amount in excess of that permitted to be charged by Applicable Law then in effect, then all sums determined to constitute interest in excess of such legal limit shall, without penalty, be promptly applied to reduce the then outstanding principal of the related Obligations or, at the Payee's or such holder's option, promptly returned to the undersigned upon such determination. In determining whether or not the interest paid or payable, under any specific circumstance, exceeds the maximum amount permitted under Applicable Law, the Payee and the undersigned (and any other payors thereof) shall to the greatest extent permitted under Applicable Law, (i) characterize any non-principal payment as an expense, fee or premium rather than as interest, (ii) exclude voluntary prepayments and the effects thereof, and

(iii) amortize, prorate, allocate, and spread the total amount of interest through the entire contemplated term of this Note in accordance with the amount outstanding from time to time thereunder and the maximum legal rate of interest from time to time in effect under Applicable Law in order to lawfully charge the maximum amount of interest permitted under Applicable Law.

This Note may not be changed, modified or terminated orally, but only by an agreement in writing signed by the undersigned and the Payee or any holder hereof.

The undersigned shall, upon demand, pay to the Payee all reasonable and documented costs and expenses incurred by the Payee (including the fees and disbursements of counsel and other professionals) in connection with the preparation, execution, delivery and enforcement of this Note and all other Loan Documents on the terms set forth in the Loan Agreement.

This Note shall be binding upon the successors and assigns of the undersigned and inure to the benefit of the Payee and its successors, endorsees and assigns. If any term or provision of this Note shall be held invalid, illegal or unenforceable, the validity of all other terms and provisions hereof shall in no way be affected thereby.

THE UNDERSIGNED AND, BY ITS ACCEPTANCE HEREOF, THE PAYEE, HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES (TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW) ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY OF ANY DISPUTE ARISING UNDER OR RELATING TO THIS NOTE AND AGREES THAT ANY SUCH DISPUTE SHALL BE TRIED BEFORE A JUDGE SITTING WITHOUT A JURY.

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL IN ALL RESPECTS BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF LOUISIANA (WITHOUT REGARD TO THE CONFLICT OF LAWS PRINCIPLES OF SUCH STATE), INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE.

**CROSBY DREDGING, LLC**

By: Kurt J. Crosby
Title: Member

## PROMISSORY NOTE

**Principal: $10,312,000.00**                                    **Date:   July 30, 2021**

FOR VALUE RECEIVED, the undersigned, CROSBY DREDGING, LLC, a Louisiana limited liability company ("Borrower") promises to pay to the order of Regions Commercial Equipment Finance, LLC (the "Payee") at 1900 5th Avenue North, Suite 2400, Birmingham, AL 35203 or at such other place as the Payee or the holder hereof may designate in writing, the principal amount of TEN MILLION THREE HUNDRED TWELVE THOUSAND AND NO/100 Dollars ($10,312,000.00), with interest on the unpaid principal amount hereof from and including the date of the advance by Payee of the loan evidenced by this Note until paid in full at a variable simple interest rate equal to the Interest Rate (as hereinafter defined).
Interest on this Note shall be computed on the basis of a year of 360 days, and accrued over the actual number of days in each period. "Regions" means Regions Bank.

The interest rate on the Loan evidenced by this Note is subject to change from time to time as provided in this Section. Interest rate changes on the Loan will not occur more often than each Lender Business Day and will be based on changes in Daily Simple SOFR (the "Index"). The interest rate per annum on the Loan will be equal to the Index plus two and eighty-six hundredths of one percentage point (2.86%) (the "Margin"). The interest rate on the Loan may change daily based on changes in the most recent Index reasonably available to Regions. The Index will not be less than percent (0.0%) per annum. Regions will tell Borrower the current Index upon Borrower's request. The Index is not necessarily the lowest rate charged by Regions on its loans. Borrower understands that Regions may make loans based on other rates as well.

"Daily Simple SOFR" is an independent index, which is the rate per annum equal to the secured overnight financing rate published by the Federal Reserve Bank of New York (or a successor administrator of the secured overnight financing rate) (the "Administrator") on the Administrator's website on the fifth (5th) prior SIFMA Business Day, with the conventions for this rate being established by Regions in accordance with the conventions selected or recommended by the Administrator for determining "Daily Simple SOFR" for business loans; provided, that if Regions decides that any such convention is not administratively feasible for Regions, then Regions may establish another convention in its sole discretion.

"Lender Business Day" means any day that is not (i) a Saturday, (ii) a Sunday, or (iii) another day that is a legal holiday under the laws of the State of Alabama and is a day on which Lender is closed.

"SIFMA Business Day" means any day that is not (i) a Saturday, (ii) a Sunday, or (iii) a day on which the Securities Industry and Financial Markets Association recommends that the fixed income departments of its members be closed for the entire day for purposes of trading in United States government securities.

"Relevant Governmental Body" means the Board of Governors of the Federal Reserve System or the Federal Reserve Bank of New York, or a committee officially endorsed or convened

by the Board of Governors of the Federal Reserve System or the Federal Reserve Bank of New York, or any successor thereto.

This Note shall be payable in monthly payments of all accrued but unpaid interest payable on the thirtieth day of each month commencing April 28, 2022, and one final payment (unless refinanced with Payee) on July 31, 2022 (the "Maturity Date") of all unpaid principal and accrued but unpaid interest, together with all other amounts due hereunder. The payment on April 28, 2022 shall include all accrued but unpaid interest due under the Prior Note.

All payments hereunder shall be made in lawful money of the United States and in immediately available funds, Automated Clearing House ("ACH") debit or by wire transfer to an account designated by Payee. If any installment of this Note is not paid within ten (10) days after its due date, the undersigned agrees to pay on demand, in addition to the amount of such installment, an amount equal to five percent (5%) of such installment. Provided, that if the undersigned has authorized payment of an amount by a binding ACH authorization, a late charge will not be assessed as provided above if there are adequate funds in the account that has been designated for ACH debit and the failure to pay arises solely from Payee's failure to properly complete the ACH debit from the designated account as authorized by the undersigned.

This Note is one of the promissory notes referenced in that certain Loan Agreement by and among Crosby Dredging LLC and the other Borrowers as Borrowers, Crosby Enterprises, LLC as guarantor, and Regions Commercial Equipment Finance, LLC as Lender dated as of May 28, 2021 (as amended, supplemented or otherwise modified from time to time, the "Loan Agreement") and is subject and entitled to all provisions and benefits thereof. Capitalized terms used, but not expressly defined, herein shall have the meanings as set forth in the Loan Agreement.

Subject to the limitations contained in Section 2.07 of the Loan Agreement, including without limitation the requirements for prepayment, in full, to be made on all outstanding Notes, the undersigned shall have the right to prepay this Note, in whole but not in part, at any time following the first anniversary date of this Note on thirty (30) days prior written notice to the Payee. On the date of such prepayment (the "*Prepayment Date*") the undersigned shall pay the principal amount of this Note being so prepaid (the "*Prepayment Amount*"), together with all accrued interest and fees, including the prepayment premium due under Sections 2.07 and/or 2.08 of the Loan Agreement. The prepayment premium shall be charged and paid only to the extent permitted by Applicable Law. No prepayment fee shall be due in connection with the refinancing of this Note with Payee.

Upon the maturity of this Note or the acceleration of the maturity of this Note in accordance with the terms of the Agreement, the entire unpaid principal amount on this Note, together with all interest, fees and other amounts payable hereon or in connection herewith, including any prepayment fee due under Section 2.08, shall be immediately due and payable without further notice or demand, with interest on all such amounts at a rate (the "Default Rate") equal to the lesser of (i) the Interest Rate plus 5.0%, or (ii) the maximum rate of interest permitted by Applicable Law, from the date of such maturity or acceleration, as the case may be, until all such amounts have been paid in full. Upon the occurrence of any Event of Default, without further notice or demand and at Payee's discretion, interest on all outstanding sums under this Note shall

accrue at the Default Rate, from the date of such Event of Default until all such amounts have been paid in full.

All payments hereunder shall be made in lawful money of the United States and in immediately available funds as provided in the Loan Agreement. If any installment of this Note is not paid within ten (10) days after its due date, the undersigned agrees to pay on demand, in addition to the amount of such installment, the late charge as provided in Section 2.06 of the Loan Agreement.

If any payment on this Note becomes payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to prepayments of principal, interest thereon shall be payable at the applicable rate during such extension.

The undersigned hereby waives diligence, demand, presentment, protest and notice of any kind, and assents to extensions of the time of payment, release, surrender or substitution of security, or forbearance or other indulgence, without notice. The undersigned agrees to pay all amounts under this Note without offset, deduction, claim, counterclaim, defense or recoupment, all of which are hereby waived.

The Payee, the undersigned and any other parties to the Loan Documents intend to contract in strict compliance with applicable usury law from time to time in effect. In furtherance thereof the undersigned and the Payee stipulate and agree that none of the terms and provisions contained in the Loan Documents shall ever be construed to create a contract to pay, for the use, forbearance or detention of money, interest in excess of the maximum amount of interest permitted to be charged by Applicable Law from time to time in effect. Neither the undersigned nor any present or future guarantors, endorsers, or other Persons hereafter becoming liable for payment of any Obligations shall ever be liable for unearned interest thereon or shall ever be required to pay interest thereon in excess of the maximum amount that may be lawfully charged under Applicable Law from time to time in effect, and the provisions of this paragraph shall control over all other provisions of the Loan Documents which may be in conflict or apparent conflict herewith. The Payee expressly disavows any intention to charge or collect excessive unearned interest or finance charges in the event the maturity of any Obligation is accelerated. If (a) the maturity of any Obligation is accelerated for any reason, (b) any Obligation is prepaid and as a result any amounts held to constitute interest are determined to be in excess of the maximum legal rate allowed under Applicable Law, or (c) the Payee or any other holder of any or all of the Obligations shall otherwise collect amounts which are determined to constitute interest which would otherwise increase the interest on any or all of the Obligations to an amount in excess of that permitted to be charged by Applicable Law then in effect, then all sums determined to constitute interest in excess of such legal limit shall, without penalty, be promptly applied to reduce the then outstanding principal of the related Obligations or, at the Payee's or such holder's option, promptly returned to the undersigned upon such determination. In determining whether or not the interest paid or payable, under any specific circumstance, exceeds the maximum amount permitted under Applicable Law, the Payee and the undersigned (and any other payors thereof) shall to the greatest extent permitted under Applicable Law, (i) characterize any non-principal payment as an expense, fee or premium rather than as interest, (ii) exclude voluntary prepayments and the effects thereof, and

(iii) amortize, prorate, allocate, and spread the total amount of interest through the entire contemplated term of this Note in accordance with the amount outstanding from time to time thereunder and the maximum legal rate of interest from time to time in effect under Applicable Law in order to lawfully charge the maximum amount of interest permitted under Applicable Law.

This Note may not be changed, modified or terminated orally, but only by an agreement in writing signed by the undersigned and the Payee or any holder hereof.

The undersigned shall, upon demand, pay to the Payee all reasonable and documented costs and expenses incurred by the Payee (including the fees and disbursements of counsel and other professionals) in connection with the preparation, execution, delivery and enforcement of this Note and all other Loan Documents on the terms set forth in the Loan Agreement.

This Note shall be binding upon the successors and assigns of the undersigned and inure to the benefit of the Payee and its successors, endorsees and assigns. If any term or provision of this Note shall be held invalid, illegal or unenforceable, the validity of all other terms and provisions hereof shall in no way be affected thereby.

THE UNDERSIGNED AND, BY ITS ACCEPTANCE HEREOF, THE PAYEE, HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES (TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW) ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY OF ANY DISPUTE ARISING UNDER OR RELATING TO THIS NOTE AND AGREES THAT ANY SUCH DISPUTE SHALL BE TRIED BEFORE A JUDGE SITTING WITHOUT A JURY.

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL IN ALL RESPECTS BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF LOUISIANA (WITHOUT REGARD TO THE CONFLICT OF LAWS PRINCIPLES OF SUCH STATE), INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE.

This Note is issued in renewal and replacement of Borrower's $10,312,000.00 Promissory Note dated July 31, 2021 (the "Prior Note").

**CROSBY DREDGING, LLC**

By: Kurt J. Crosby
Title: Member